# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| STACEY WILLIAMS <br> On behalf of Deward Johnson as his <br> Next of Kin <br><br> Plaintiff, <br><br> v. <br><br> HAMILTON COUNTY, <br> TENNESSEE, et al., <br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> *    No.: 1:25-cv-00085 <br> * <br> * <br> * <br> * |

## MOTION TO DISMISS

COMES NOW, undersigned counsel, for Defendants Hamilton County, Tennessee, Sheriff Austin Garrett ("Garrett"), Chief Shaun Shepherd ("Shepherd"), and HCSO John Does ("HCSO Does") (hereinafter collectively referred to as these "HC Defendants", and all persons sued in their individual capacity may also be specifically referred to collectively as "Individual Defendants"), and hereby file this Motion to Dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. HC Defendants hereby incorporate by reference their Memorandum of Law and Support of their Motion to Dismiss.

The HC Defendants respectfully request the following:

1. **Dismissal of Redundant Official-Capacity Claims** – That the official-capacity claims against Defendants Garrett and Shepherd be dismissed because Plaintiff has already sued Hamilton County, rendering those official-capacity claims redundant and

1

superfluous.

2. **Dismissal of Punitive Damages Under State Law** – That Plaintiff's claims for punitive damages arising from alleged state-law tort claims or claims under the Tennessee Governmental Tort Liability Act ("TGTLA") be dismissed against Hamilton County and its employees because punitive damages are not recoverable from a governmental entity or its employees under Tennessee law.

3. **Dismissal of Punitive Damages Under § 1983** – That Plaintiff's punitive damages claims under 42 U.S.C. § 1983 against Hamilton County and the official-capacity Defendants be dismissed because municipalities are immune from punitive damages under § 1983.

4. **Dismissal of IIED Claims Against Hamilton County** – That Plaintiff's claim for intentional infliction of emotional distress ("IIED") against Hamilton County should be dismissed because the County is immune from such claims under the TGTLA.

5. **Dismissal Based on Retained Immunity for Hamilton County Against TGTLA Claims** – That Plaintiff's state-law tort and TGTLA claims against Hamilton County be dismissed because the County retains its immunity pursuant to the "civil rights" exception to the waiver of immunity under Tenn. Code Ann. § 29-20-205(2).

6. **Dismissal of Negligence-Based Claims Against Garrett and Shepherd (In their Individual Capacity)** – That Plaintiff's claims for negligence and negligent infliction of emotional distress ("NIED") against Defendants Garrett and Shepherd in their individual capacities be dismissed because they owed no duty to Plaintiff independent of their official roles and never personally interacted with Johnson.

7. **Dismissal of IIED Claim Against Garrett and Shepherd** – That Plaintiff's IIED

claims against Defendants Garrett and Shepherd be dismissed because the alleged conduct does not rise to the level of "outrageous" conduct required under Tennessee law as Plaintiff does not allege that Garrett or Shepherd personally interacted with Johnson during the alleged incident while in custody.

8. **Dismissal of Misapplied *Monell* Claim** – That Plaintiff's *Monell* liability claim against Sheriff Garrett in his individual capacity be dismissed because *Monell* liability applies only to municipalities, not to individuals.

9. **Dismissal of § 1983 Deliberate Indifference and Canton Claims Against Garrett and Shepherd** – That Plaintiff's § 1983 deliberate indifference and Canton liability claims against Defendants Shepherd and Garrett be dismissed because Plaintiff pleads no facts sufficient to state a claim upon which relief can be granted.

10. **Dismissal of § 1983 Deliberate Indifference Claim Against Hamilton County** – That Plaintiff's § 1983 deliberate indifference against Hamilton County be dismissed because the Hamilton County can only be liable for policy, practice, or custom under *Monell* Liability.

11. **Conditional Dismissal of All Individual Defendants for Negligence/NIED** – That, to the extent this Court determines that the "civil rights" exception to the waiver of immunity does not apply and that Plaintiff's negligence and NIED claims against Hamilton County are viable at this stage, that Plaintiff's negligence and NIED claims be dismissed against the individual Defendants.

## PRESERVATION OF DEFENSES

The HC Defendants expressly preserve all applicable defenses available under the *Federal Rules of Civil Procedure* and other applicable law. By filing this motion to dismiss

pursuant to Rules 8 and 12 of the *Federal Rules of Civil Procedure*, HC Defendants do not waive, and specifically reserve the right to assert any and all additional defenses, including but not limited to:

1. Hamilton County and HC Defendants cannot be held liable for any damages claimed by Plaintiff on the grounds that the injury sustained by Johnson was not proximately caused by or directly related to any unconstitutional policy, practice, or custom.

2. The Individual Defendants cannot be held liable for any damages claimed by Plaintiff on the grounds that the injury sustained by Johnson was not proximately caused by or directly related to any unconstitutional custom or practice on the part of any of the individual defendants.

3. HC Defendants acted at all times in accordance with common law, statutory law, and constitutional obligations.

4. Plaintiff's claims fail to rise to the level of constitutional violations sufficient to state a claim against the HC Defendants pursuant to 42 U.S.C. § 1983.

5. Plaintiff's claims brought against Hamilton County pursuant to Section 1983 fail to state a claim upon which relief can be granted on a respondent superior theory of liability.

6. Hamilton County was not deliberately indifferent as to the training, supervision, or discipline of its employees.

7. Hamilton County, Garrett, and Shepherd, were not deliberately indifferent as to the training supervision or discipline of the Sherriff's Office employees.

8. HC Defendants did not act unlawfully, willfully, or in a knowing and willful

manner, indicative of bad faith.

9. To the extent applicable, the HC Defendants assert the affirmative defenses of statute of limitation, assumption of the risk, contributory/comparative negligence, Plaintiff's failure to exercise ordinary care for his own safety, failure to avoid consequences, failure to mitigate damages, and failure to exhaust administrative remedies as required by the PLRA, if any.

10. Plaintiff was not deprived by HC Defendants of any constitutionally protected interest without due process of law, nor did the HC Defendants violate Plaintiff's rights pursuant to any provision of the United States Constitution or any Amendments, or any other United States laws.

11. Quality Correctional Health Care ("QCHC") provides medical treatment to inmates and pre-trial detainees through its contract with Hamilton County. To the extent Plaintiff has alleged any failure relative to medical wrongdoing, QCHC and its staff and agents are responsible for such medical care.

12. HC Defendants did not provide medical treatment and thus cannot be held liable for any failings related to medical care pursuant to the Tennessee Health Care Liability Act.

13. Relative to any allegations regarding negligent medical care, Plaintiff did not properly comply with the pre-suit requirements of Tenn. Code Ann. §§29-26-121 and 29-26-122.

14. A jury trial is not applicable to claims pursuant to the TGTLA.

15. The Individual Defendants are each entitled to qualified immunity.

16. Hamilton County and HC Defendants assert any and all immunities, whether

5

absolute or qualified.

17. Hamilton County and the HC Defendants, to the extent applicable, state that they are entitled to the immunity of discretional function under the TGTLA in regards to any averments of the Complaint construed as possibly alleging inadequate hiring, training, or supervision of employees.

18. The Complaint was filed without a reasonable good faith basis in its merits as to the HC Defendants.

19. The Complaint fails to state a claim against the HC Defendants and Individual Defendants upon which relief can be granted.

20. Suit against the HC Defendants sued in their official capacity is duplicative, as HC is already a named defendant and, therefore, the official capacity claims should be dismissed.

21. Stacey Williams lacks standing to bring the at-issue lawsuit.

22. HC Defendants specifically assert all defenses applicable to them under the TGTLA, T.C.A. §§ 29-20-101 et seq. and incorporate by reference herein all defenses specified therein. In particular, T.C.A. § 29-20-205 sets out nine 9 specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to: (1) The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused and (2) False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right

6

of privacy, or civil rights. Additionally, T.C.A. § 29-20-403 applies statutory monetary statutory limits.

23. HC Defendants asserts that immunity is preserved for governmental entities unless a specific exception under the TGTLA removes immunity.

24. HC would show that no actions by any employee in connection with this incident occurred as a result of any unconstitutional policy, practice, or custom adopted by HC.

25. HC Defendants assert that no claim may be brought against any of its employees or judgment entered against its employees for any injury proximately caused by a negligent act or omission of an employee within the scope of employee's employment in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403.

26. HC asserts that it cannot be subject to punitive damages in this case as a matter of law for both Plaintiff's constitutional claims and TGTLA claims.

27. The Individual Defendants assert that they cannot be subject to Plaintiff's punitive damages pursuant to the TGTLA.

28. HC Defendants are presently without sufficient information as to the availability or applicability of other defenses and affirmative defenses and therefore, specifically reserves to the right to Amend its Answer to plead any other defense or affirmative defense available pursuant to Fed. R. Civ. P. 8.

7

## Certification of Conferral

Undersigned counsel certifies compliance with the Court's Order Governing Motions to Dismiss. Prior to filing this Motion, undersigned counsel met and conferred in good faith with opposing counsel regarding the contemplated Rule 12(b)(6) grounds. The parties were unable to reach an agreement, and accordingly Defendant files the instant Motion to Dismiss.

Respectfully submitted,

HAMILTON COUNTY
ATTORNEY'S OFFICE

s/Azarius Yanez
Janie Parks Varnell, BPR # 031256
*Hamilton County Attorney*
Timothy Clark, BPR # 031074
*Deputy County Attorney*
Azarius Yanez, BPR # 036266
*Assistant Hamilton County Attorney*
625 Georgia Ave, Suite 204
Chattanooga, TN 37402
(423) 209-6150
ayanez@hamiltontn.gov

***Attorneys for Hamilton County, Tennessee, Sheriff Austin Garrett, Chief Shaun Shepherd***

8

## CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of this pleading has been served on all interested parties via the Court's electronic filing system.

This the 8th day of December 2025.

                                      s/Azarius Yanez
                                      Azarius Yanez