# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

|  |  |  |
|---|---|---|
| STACEY WILLIAMS<br>On behalf of Deward Johnson as his<br>Next of Kin | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:25-cv-85 |
| v. | ) ) | McDonough/Dumitru |
| HAMILTON COUNTY, TENNESSEE, *et al.* | ) ) ) | |
| Defendants. | ) | |

---

## AGREED PROTECTIVE ORDER

---

This matter comes before the Court upon the agreement of the parties as evidenced by the signature of counsel below. The parties anticipate that, in response to discovery requests in this matter, certain confidential, proprietary, and/or sensitive information may be disclosed. The parties agree that such information should be treated as confidential, protected from disclosure outside this litigation, and used only for the purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of confidential and personal employment information.

For good cause shown under Federal Rules of Civil Procedure 26(c), the Court grants the joint request and hereby enters the following Protective Order:

1. **Scope.** All documents and materials produced by the parties in the course of discovery of this case, including responses to discovery requests and/or subpoenas, are subject to this Order concerning "Confidential" information as set forth below.

2.      **Definition of Confidential Information.** As used in this Order, "Confidential" information is defined as information that either party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and its use is restricted by statute and could potentially cause harm to the interests of the disclosing party or nonparties. Information or documents that are available to the public may not be designated as "Confidential."

4.      **Form and Timing of Designation.** The parties may designate documents as containing "Confidential" information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the designation "Confidential." The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the "Confidential" information are not required to be marked. By marking a designated document, the designating attorney thereby certifies that the document contains "Confidential" information as defined in this Order.

5.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing "Confidential" information will not constitute a waiver of an otherwise

valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within forty-five (45) days after discovery of the inadvertent failure.

7. **Protection of Confidential Material.**

   a. **General Protection.** Designated "Confidential" information must be used solely for the purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

   b. **Who May View Designated Confidential" Information.** Except with the prior written consent of the disclosing party or prior order of the Court, designated "Confidential" information may only be disclosed to the following persons:

   i. Attorneys of record for the parties to this litigation, as well as persons employed by them and/or associated with them, including without limitation legal associates, clerical or other support staff of such counsel assisting in the preparation of this action;

   ii. Parties to the litigation;

   iii. Independent experts or consultants utilized by counsel for the purpose of assisting counsel in this action;

   iv. Witnesses in preparation of litigation;

   v. Witnesses and court reporters at any deposition, pretrial hearing, trial, or other proceedings held in connection with this action;

   vi. Any court or appellate body which has cause to consider any of the issues raised in this action;

   vii. Any other person only upon written stipulation of the parties;

viii. Any mediator or other neutral appointed by the Court of chosen by the Parties; and

ix. The Court and Court personnel.

All documents or information designated as "Confidential" disclosed or furnished to persons pursuant to the terms of this Protective Order shall be held in the strictest confidence, and not divulged by such persons, either verbally or in writing, to any other person except those categories of persons identified above for purposes associated with the litigation. All such information shall be used solely for the purpose of this litigation and not for any business or other purposes whatsoever.

8. **Filing of Confidential Information.** In the event a party seeks to file any document containing "Confidential" information subject to protection under this Order with the Court, that party must take all appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as "Confidential"; (b) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

9. **Challenges to a Confidential Designation.** The designation of any material or document as "Confidential" is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a

confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential under the terms of this Order.

10. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present "Confidential" information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the "Confidential" information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11. **Obligations on Conclusion of Litigation.**

    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    b. **Return of Confidential Documents.** Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing "Confidential" information shall be returned or destroyed including all copies of such documents or information.

12. **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order may not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**13.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purposes of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as "Confidential" by counsel or the parties is entitled to protection under Federal Rules of Civil Procedure Rule 26(c) or otherwise by law until such time as the Court may rule on a specific document or issue.

**14.** **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15.** **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**16.** **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any "Confidential" information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

SO ORDERED.

Enter this 29th day of April 2026.

/s/ _____

MIKE DUMITRU
UNITED STATE MAGISTRATE JUDGE

APPROVED FOR ENTRY:

**HAMILTON COUNTY ATTORNEY'S OFFICE**

s/Timothy Clark
Janie Parks Varnell, BPR#031256
*Hamilton County Attorney*
Timothy Clark, BPR #031074
*Deputy County Attorney*
Azarius Yanez, BPR #036266
*Staff Attorney*
625 Georgia Ave, Suite 204
Chattanooga, TN 37402
(423) 209-6150
janiev@hamiltontn.gov
timothyc@hamiltontn.gov
ayanez@hamiltontn.gov
*Attorneys for Defendant, Hamilton County, Tennessee*


**LEWIS THOMASON, P.C.**

s/Jason H. Long with express permission
Jason H. Long, BPR# 018088
900 S. Gay Street, Ste. 300
Knoxville, TN 37902
(865) 546-4646
jlong@lewisthomason.com
*Attorney for Defendant QCHC of Tennessee, PLLC*


**PINKSTON LAW, PLLC**

s/Neal Pinkston with express permission
Neal Pinkston, BPR #021245
1216 E. Main Street, Suite 206
Chattanooga, TN 37408
(423) 654-8326
mnealpinkston@gmail.com
*Attorney for Plaintiff Stacey Williams*